I agree with the majority that Trooper Walker was entitled to ask the driver (Moran) and the front-seat passenger (Presutti) about the presence of drugs or weapons in the car. See State v. Robinette (1997),80 Ohio St.3d 234, 241. I cannot agree, however, with the principle opinion's conclusion that nothing more than mere non-intrusive questioning took place in this case.
Instead of an unequivocal "no," the men responded "I don't think so," "there shouldn't be," or with some similar phrase, to Trooper Walker's question about the presence of drugs in the car. These responses did not, however, immediately lead to the appellant handing over the small container of marijuana. Rather, according to his own testimony, Trooper Walker made the additional representation to Presutti that:
 "* * * you know, well, we have a detection dog here in the county, if I was to bring the dog by, he would alert if there had been or is any paraphernalia in the car, and really it would save time, you know, you know whether you do or you don't [have any drugs]."
Only after this statement did the appellant and Presutti give the marijuana container to Trooper Walker. In my view, Trooper Walker's implicit threat to bring a drug-sniffing dog to the scene expanded the scope of the stop. At that point, Trooper Walker abandoned his initial purpose of issuing a warning citation and transformed the traffic stop into a continued detention of the vehicle occupants for purposes of drug investigation. Before Trooper Walker could expand the scope of the detention in this manner, he needed some reasonable suspicion of drug activity. Robinette at paragraph one of the syllabus; see, also, State v.Venham (1994), 96 Ohio App.3d 649, 655-57; Mentor v. Bitsko (June 5, 1998), Lake App. Nos. 97-L-098, 97-L-106, unreported. The only bases for suspicion that Trooper Walker identified were Moran's and Presutti's equivocal responses about the presence of contraband in the car. I do not think that these responses, without more, constitute reasonable suspicion to investigate the presence of drugs.
For the foregoing reasons, I respectfully dissent.